UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIN GAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV01221 ERW |
| | ) |
| YMCA OF GREATER ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant YMCA of Greater St. Louis's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement [ECF No. 8].

### I. BACKGROUND

On July 7, 2014, Plaintiff Lin Gao ("Plaintiff") filed an Employment Discrimination Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq., naming YMCA of Greater St. Louis as defendant [ECF No. 1]. Plaintiff claims discrimination and harassment on the basis of race, color, gender, age and national origin. Plaintiff brought this action after filing a complaint with the Missouri Commission on Human Rights ("MCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") [ECF Nos. 1-1, 17]. Plaintiff received Notice of Right to Sue from MCHR and EEOC on April 14, 2014, and May 8, 2014, respectively.

Defendant moves to dismiss the complaint for failure to exhaust administrative remedies in regards to Plaintiff's claims of harassment and discrimination based on age, gender and color, and failure to state a claim for which relief can be granted for unlawful harassment. In the

alternative, Defendant moves for Plaintiff to be required to file a More Definite Statement of her claims.

## II.  STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636, F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

In its Motion, Defendant argues Plaintiff's Complaint should be dismissed for two main reasons. First, Defendant argues Plaintiff failed to exhaust administrative remedies for the claims of discrimination based on age, gender and color and her claim of harassment because these claims were not raised before the MCHR and EEOC. Second, Defendant contends Plaintiff's remaining claim of harassment and discrimination should be dismissed for failure to state a claim upon which relief can be granted.

For purposes of this discussion, the Court accepts the following well-pleaded facts, as alleged in the Complaint [ECF No. 1], as true.

Plaintiff worked as a Tai Chi instructor for the YMCA for four years prior to the incident culminating in her complaint. On October 16, 2013, Plaintiff's Tai Chi class was scheduled to begin around 7:20 pm. The previous karate class was scheduled to end at 7:10 pm but had not yet finished. The karate class had run late several times in the previous months. Plaintiff had previously notified her superiors of the situation and they informed her the next time it should occur Plaintiff should enter the classroom and inform the karate instructor that it was time for the next class. On this date, Plaintiff did as told and informed the karate instructor that he was late. The karate instructor refused to leave and confronted Plaintiff holding a sword. He complained that Plaintiff's actions caused him embarrassment. He told Plaintiff that he would let his sword take her to see God. Plaintiff was frightened and told the instructor that he could complain to her

superior if he wished, Plaintiff was just following instructions. The karate instructor then left the room. Plaintiff informed her superior and made a police report about the incident. Plaintiff's superiors informed Plaintiff this was an isolated incident, it would not happen again, and the sword the instructor was holding was made of foam and consequently, not dangerous. Since the date of the incident, Plaintiff has experienced head pains and dizziness. Plaintiff quit her job and Defendant subsequently listed her as "not rehireable" at all YMCAs. As a consequence of these occurrences, Plaintiff has lost her job, other YMCA employment and her social reputation as a Tai Chi instructor.

    A.    *Failure to Exhaust Administrative Remedies*

First, Defendant argues the Complaint should be dismissed for failure to exhaust administrative remedies as required in both Title VII and the ADEA. A plaintiff alleging discrimination under either Title VII or the ADEA must exhaust administrative remedies before filing in federal court. 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(c)-(d). *See, Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Plaintiff must allege each charge of discrimination with the EEOC, or a related state agency, and receive a right to sue letter. *Shelton v. Boeing Co.,* 399 F.3d 909, 912 (8th Cir. 2005). Here, Plaintiff checked the box for race discrimination on her EEOC Charge of Discrimination form [ECF No. 1-1]. No other boxes for other protected classes such as gender, age, color, or national origin were checked. The description of her complaint, included on the EEOC form, states she was constructively discharged because of her race and national origin. Nowhere in the complaint does Plaintiff refer to discrimination on the basis of age, gender, or color. Neither Plaintiff's complaint before this court, nor any of the additional documentation she provided contains information that Plaintiff's charges of discrimination on the basis of age, gender or color were exhausted administratively

prior to her filing in federal court. Therefore, this Court is without jurisdiction to hear those claims and they will be dismissed.

  B.  *Failure to State a Claim upon which Relief can be Granted*

  Defendant argues that Plaintiff's claim of harassment and remaining discrimination claims should be dismissed for failure to state a claim upon which relief can be granted. To establish a prima facie case for harassment, Plaintiff must show she: "(1) is a member of a protected class; (2) unwelcome harassment occurred; (3) there is a casual nexus between the harassment and her protected-group status; (4) the harassment affected a term, condition, or privilege of her employment; and (5) [the employer] knew or should have known of the harassment and failed to take prompt and effective remedial action." *Jackman v. Fifth Judicial Dist. Dep't of Corr. Serv.*, 728 F.3d 800, 805-06 (8th Cir. 2013) (quoting *Robinson v. Valmont Ind.*, 238 F.3d 1045, 1047 (8th Cir. 2001). Defendant argues that Plaintiff failed to allege her harassment was based upon any protected classification. Plaintiff has alleged she is a member of a protected class as she is Chinese, a female, and over the age of 40. She has also alleged the harassment was based on her national origin, race, gender and age. However, simply stating the harassment was based on a protected classification is a legal conclusion. A plaintiff must allege facts supporting her conclusion. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78. The only fact Plaintiff alleges to show that the harassment is based on a protected classification is that she is of one race and gender while the karate instructor is of another. This is not enough. For these reasons, the Court must dismiss Plaintiff's harassment claims.

  For the same reasons as discussed, Plaintiff's claims of discrimination on the basis of race and national origin must also be dismissed. To establish a prima facie case of

discrimination, Plaintiff must show that she: "(1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman*, 728 F.3d at 804.  Plaintiff has not alleged that she was treated differently than similarly situated employees who were not members of her protected class beyond conclusory statements that the discrimination as on the basis of her race or national origin.  For these reasons, the Court will dismiss Plaintiff's claims of discrimination on the basis of race and national origin.

**IT IS HEREBY ORDERED** that Defendant YMCA of Greater St. Louis's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement [ECF No. 8] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Lin Gao's Employment Discrimination Complaint [ECF No. 1] is **DISMISSED, without prejudice**.

Dated this 14th Day of October, 2014.

*/s/ E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE